IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARIZBETH AVALOS, individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SOUND SEAL, INC. and ONIN GROUP MIDWEST, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil No. 22-cv-756 <br><br> Removed from the Circuit Court of Cook County, Illinois, State Court Case No. 2022-CH-00124 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant Sound Seal, Inc. ("Sound Seal") hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Sound Seal, Inc. states as follows:

### OVERVIEW OF PARTIES AND ALLEGATIONS

1. Plaintiff Arizbeth Avalos, individually and on behalf of all other persons similarly situated ("Plaintiff"), commenced this action captioned *Arizbeth Avalos, individually and on behalf of all other persons similarly situated*, v. *Sound Seal, Inc. and Onin Group Midwest*, Case No. 2022-CH-00124, on or about January 6, 2022, by filing her Complaint in the Circuit Court of Cook County, Illinois ("State Court Action").

2. Sound Seal, Inc. was served with a copy of the summons and complaint in the State Court Action on January 11, 2022.

1

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders that have been filed and served on Sound Seal, Inc. in the State Court Action are attached hereto as **Exhibit 1**.

4. By her Complaint, Plaintiff alleges that Sound Seal, Inc. and defendant Onin Group Midwest ("Onin") violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), through the use of "fingerprint" or "finger scan" technology. (*See* Exhibit 1, Complaint, ¶¶ 3-4, 14-15, 30.) Plaintiff alleges that Sound Seal, Inc. and Onin violated the BIPA by "collecting, capturing, obtaining, and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release" and "by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA." (*Id*., ¶¶ 30, 31.)

5. Plaintiff contends that "[e]very instance of Defendants collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometric identifiers and biometric information constitutes a violation of the Act." (Exhibit 1, Complaint, ¶ 30.)

6. Plaintiff asserts two causes of action against both defendants–for damages (Count I) and injunctive relief (Count II)–under the BIPA.

7. In the Summons, Plaintiff claims she seeks a recovery "$ in excess of 50,000.00". (Exhibit 1, Summons; ¶ 2.) Plaintiff's counsel also signed an affidavit, subject to penalty of perjury that Plaintiff is seeking in excess of $50,000. (Exhibit 1, Supreme Court Rule 222(b) Damages Affidavit.)

8. In her Prayer for Relief for Count I in the Complaint, Plaintiff seeks recovery of, among other things: "statutory damages of $5,000 for each willful or reckless violation of the

Act, $1,000 for each negligent violation of the Act." (Exhibit 1, Complaint, Count I, Prayer for Relief, ¶ c.) Plaintiff also requests an award of reasonable attorneys' fees and costs. (*Id*., ¶ d.) Count II of the Complaint also seeks "injunctive and equitable relief," in addition to "reasonable attorneys' fees and costs of this action." (Exhibit 1, Complaint, Count II, Prayer for Relief, ¶¶ c-d.)

## GROUNDS FOR REMOVAL

9. This action involves a controversy wholly between citizens of different states and the value of the matter in dispute exceeds the sum of $75,000.00, exclusive of interest and costs. Accordingly, this Court has subject matter diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(d).

    **A.**    **Diversity of Citizenship Exists.**

10. Plaintiff is a citizen of the state of Illinois. *See also D.C. v. Murphy*, 314 U.S. 441, 455 (1941) (the place where a person lives is properly taken to be that person's domicile until established to the contrary); *Century Commodity Corp. v. Data-Trend Commodities Inc.,* No. 83-cv-1681, 1986 WL 9557, *5 (N.D. Ill. Aug. 22, 1986) ("Where one lives is *prima facie* his domicile.") (internal quotation marks and citation omitted).

11. Sound Seal, Inc. is a Delaware corporation with its principal place of business in Massachusetts. (*See* Illinois Secretary of State Corporation File Detail Report, attached hereto as **Exhibit 2**, *available at* https://apps.ilsos.gov/corporatellc/CorporateLlcController (last accessed February 4, 2022).)[1] A corporation is deemed a citizen of any state in which it has been

---

[1] The Court may take judicial notice of the Department of State filings as a matter of public record. *See e.g., Farag v. Health Care Serv. Corp*., No. 17-cv-2547, 2017 WL 2868999, *13 (N.D. Ill. July 5, 2017) (collecting caes).

3

incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

12. Sound Seal, Inc. is therefore a citizen of Delaware and Massachusetts for purposes of determining diversity jurisdiction.

13. Defendant Onin Group Midwest, LLC is a limited liability company organized under the laws of Delaware with a principal place of business in Alabama. (*See* Illinois Secretary of State Corporation File Detail Report, attached hereto as **Exhibit 3**, *available at available at* https://apps.ilsos.gov/corporatellc/CorporateLlcController (last accessed February 4, 2022).)

14. For diversity jurisdiction purposes, as a limited liability company, Onin Group Midwest, LLC is deemed to be a citizen of the states in which its members are citizens. *See e.g., Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

15. Onin Group Midwest, LLC's member is Onin Staffing, LLC. (*See* Exhibit 3.)

16. Onin Staffing, LLC is a limited liability company organized under the laws of Alabama with a principal place of business in Alabama. (*See* Illinois Secretary of State Corporation File Detail Report, attached hereto as **Exhibit 4**, *available at available at* https://apps.ilsos.gov/corporatellc/CorporateLlcController (last accessed February 4, 2022).) According to public filings, Onin Staffing, LLC's members are Keith Phillips, Hugh Thomas, and David Satterfield, all of whom are residents of Alabama. (*See* Exhibit 4; **Exhibit 5**, at ¶ 4.)

17. Onin Group Midwest is therefore a citizen of Alabama for purposes of determining diversity jurisdiction.

18. Because Plaintiff is a citizen of Illinois and Defendants are not citizens of Illinois, this civil action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §

1332.  There exists complete diversity between the parties and no defendant is a citizen of Illinois.

        **B.**       **The Amount-In-Controversy Requirement Is Satisfied.**

19.  The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

20.  Plaintiff's Complaint does not allege a specific dollar amount Plaintiff seeks in damages, but each Count instead indicates that Plaintiff requests "all such compensatory relief that [Plaintiff] is entitled to recover." "Illinois practice, like that of the federal courts, does not limit the plaintiff's possible recovery to the amount of damages stated in [the] complaint." *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002); 735 ILCS 5/2-604.

21.  Where a state permits recovery above the amount demanded, removal of an action is proper if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B). In making this determination, the court may use whatever evidence "sheds light on the situation which existed when the case was removed." *Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997). The jurisdictional minimum for removal is satisfied when it is "obvious from a common-sense reading of the complaint that" a plaintiff is "seeking in excess of $75,000 in damages." *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002). A plausible, "good faith estimate of the amount in controversy establishes jurisdiction unless it is a 'legal certainty' that the plaintiff['s] claim is for less than the requisite amount." *Webb v. Fin. Indus. Reg. Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018).

22. This "common-sense" test is satisfied where a complaint contains sweeping allegations regarding damages. *See Martin v. Brock*, No. 07-cv-3154, 2007 WL 2122184, *2 (N.D. Ill. July 19, 2007) (where defamation plaintiff sought at least $50,000 in damages (DuPage County Court jurisdictional minimum), did not limit relief sought in state court complaint, and complaint contained "sweeping allegations" regarding damages, court was satisfied that amount in controversy was met as of the time of removal); *Bialas v. Alliance Hospitality Mgmt., LLC*, No. 12-cv-772, 2013 WL 322509, *1 (S.D. Ill. Jan. 28, 2013) (finding that possible award "could easily exceed $75,000" in lawsuit alleging defamation claim and seeking compensatory and punitive damages).

23. Plaintiff has not alleged the specific, total amount of damages she seeks on behalf of the putative class under BIPA, but she does specify that she seeks a recovery "$ in excess of 50,000.00." (Exhibit 1, Summons; ¶ 2.)

24. The BIPA allows a "person aggrieved by a violation" of the statute to sue a private entity in state court or as a supplemental claim in federal court. 740 ILCS 14/20. The BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Alternatively, actual damages are recoverable. *Id*. The statute also provides for recovery of an injunction and potentially for attorneys' fees and costs. *Id.*

25. Plaintiff asserts that she is seeking in excess of $50,000 for her claim. Her Complaint does not allege she is seeking less than $75,000. The BIPA provides damages of $1,000 per negligent violation and $5,000 per willful violation.[2]

---

[2] Sound Seal, Inc. denies that Plaintiff has alleged an actionable violation of BIPA each and every time she clocked in and out (indeed, that she has any claim at all). Such a result would conflict with a plain language interpretation of

6

**D.     Removal To This Court Is Timely And Proper.**

26.     This case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Sound Seal has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

27.     This Notice of Removal is timely filed because it is filed within thirty (30) days of the date that Sound Seal, Inc. was served with the initial pleading in compliance with 28 U.S.C. § 1446(b)(1) and Federal Rule of Civil Procedure 6(a).

28.     The United States District Court for the Northern District of Illinois is the federal judicial district embracing the Circuit Court of Cook County, Illinois, where this suit was originally filed. Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

29.     The docket of the State Court Action does not reflect whether defendant Onin has been properly served or when. Still, Sound Seal attempted to locate and contact counsel for defendant Onin to verify whether Onin opposes removal of this action. Sound Seal attempted to contact Onin's headquarters, but was only able to reach a workers' compensation claims specialist, who was not familiar with the case. Sound Seal has been unable to locate any record of business dealings with Onin and so did not have a contact at Onin.

30.     A copy of this Notice of Removal will be filed in the Circuit Court of Cook County, Illinois, and served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

**RESERVATION OF RIGHTS AND DEFENSES**

31.     Sound Seal, Inc. hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or

---

the BIPA. Nonetheless, for purposes of removal, Plaintiff's allegations and requested relief must be accepted as true for purposes of determining the amount in controversy.

waiving any of Sound Seal, Inc.'s defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

## CONCLUSION

WHEREFORE, Sound Seal, Inc. respectfully requests that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law. Sound Seal, Inc. further requests that the removal of this action be entered on the docket of this Court and that the Court grant it other and further relief to which it may be legally and equitably entitled.

Dated: February 10, 2022          Respectfully submitted,

SOUND SEAL, INC.

*By: /s/ Lauren J. Caisman*

*Attorney for Defendant Sound Seal, Inc.*

Lauren J. Caisman
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5079
Facsimile: (312) 698-7479
lauren.caisman@bclplaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing document was served via electronic mail and first class U.S. Mail, postage prepaid, this 10th day of February 2022, to the following counsel of record:

Roberto Luis Costales
William H. Beaumont
Beaumont Costales LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

*/s/ Lauren J. Caisman*
Lauren J. Caisman